## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2020, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Office of the Public Defender
Appellate Division
Crown Point, Indiana

ATTORNEY FOR APPELLEE

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marquise Marcel Harvey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 22, 2020

Court of Appeals Case No.
20A-CR-12

Appeal from the Lake Superior
Court

The Honorable Clarence D. Murray,
Judge

Trial Court Cause No.
45G02-1807-F2-20

**Bailey, Judge.**

# Case Summary

[1] Marquise Marcel Harvey ("Harvey") pled guilty to one count of Robbery, as a Level 5 felony,[1] and was sentenced to three years imprisonment. On appeal, he challenges the sentence, contending that the trial court abused its sentencing discretion and that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On June 30, 2018, Trace Howard ("Howard") purchased a meal for Harvey, who was a stranger to Howard. Harvey rewarded Howard's generosity by striking him in the head and stealing Howard's wallet and cellular phone.

[3] On July 3, 2018, the State filed several charges against Harvey, related to his conduct against Howard, including a charge of Robbery, as a Level 2 felony. The State later alleged Harvey to be a habitual offender. As a result of plea negotiations between the State and Harvey, the State filed an amended Information, charging Harvey with Robbery, as a Level 5 felony. Harvey pled guilty to that charge. On December 2, 2019, he was sentenced to three years imprisonment, which is the advisory sentence for a Level 5 felony[2] but the maximum sentence permitted by the plea agreement. Harvey now appeals.

---

[1] Ind. Code § 35-42-5-1.

[2] *See* I.C. § 35-50-2-6, providing that a person convicted of a Level 5 felony faces a sentence of one to six years, with three years as the advisory sentence.

# Discussion and Decision

## Abuse of Discretion

[4]     Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  So long as the sentence is within the statutory range, the trial court may impose it without regard to the existence of aggravating or mitigating factors.  *Id.* at 489.  However, if the trial court does find the existence of aggravating or mitigating factors, it must give a statement of its reasons for selecting the sentence it imposes.  *Id.* at 490.  The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion.  *Id.*

[5]     An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.  *Id.*  A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law.  *Id*. at 490-91.

[6]     Here, the trial court entered a sentencing statement recognizing four aggravators:  the severity of the victim's beating, Harvey's criminal history, his

violation of probation, and his pending criminal charge. The trial court recognized a single mitigator, Harvey's decision to plead guilty, thereby preserving judicial resources and taxpayer funds. Harvey now argues that the trial court abused its discretion by failing to include as mitigating circumstances his difficult childhood, his youth (twenty years of age), the hardship his imprisonment would cause his aunt, and his maturation during his most recent incarceration.

"When a defendant alleges that the trial court failed to identify or find a mitigating circumstance, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record." *Corbett v. State*, 764 N.E.2d 622, 630 (Ind. 2002). "Age is neither a statutory nor a per se mitigating factor." *Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001). As for Harvey's background, his aunt, Alice Locket ("Locket"), testified that she had raised Harvey after his parents abandoned him in infancy. According to Locket, Harvey had a good childhood, one free from abuse and neglect. She testified that she had undergone cancer treatment in 2011 and Harvey's assistance had been invaluable. Locket also opined that Harvey had benefited from recent rehabilitative efforts, describing him as "mature, rational, and compassionate." (Tr. Vol. III, pg. 8.) Locket's testimony did not establish that Harvey had endured abuse or suggest that he provided necessary assistance to a dependent on an ongoing basis. In closing, Harvey's attorney argued that he had recently exhibited increased signs of maturity, yet he conceded that Harvey had been unable to comply with conditions of probation in the past.

[8] On this record, we cannot say that the trial court overlooked evidence of mitigation that is "both significant and clearly supported by the record." *Corbett*, 764 N.E.2d at 630. Harvey has not demonstrated an abuse of the trial court's sentencing discretion.

## Appropriateness

[9] Harvey received the advisory sentence for his crime, *see* Ind. Code § 35-50-2-6, but argues that it is too severe, due to his youth, background, recent benefits from rehabilitation, and his family obligations. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* at 1080.

[10] The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We need not determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*.

The nature of Harvey's robbery of Howard is particularly heinous. Harvey gained access to his victim because he had purchased food for Harvey. Harvey struck Howard in his head in order to obtain his wallet and cellular phone. At the sentencing hearing, the State submitted documentary evidence suggesting that Howard had been seriously injured as a result of blows to his head. Howard testified that, since the beating, he suffered more frequent seizures and was anxious and lacked trust in others.

As for Harvey's character, there was evidence that he had been kind to his aunt. His behavior as a citizen was not likewise becoming. In 2014, Harvey was twice adjudicated a juvenile delinquent. In 2016, he was convicted of illegal possession of alcohol and twice convicted of criminal trespass, all misdemeanors. In 2017, he was convicted of criminal confinement, as a Level 5 felony, and failure to return to lawful detention, a Level 6 felony. He had violated probation on multiple occasions and was, at the time of sentencing, facing an additional charge for conversion.

In sum, there is nothing known to us about the nature of the offense or the character of the offender that militates toward a sentence less than the advisory sentence imposed upon Harvey.

# Conclusion

Harvey has not shown an abuse of the trial court's sentencing discretion. His sentence is not inappropriate.

Affirmed.

Crone, J., and Altice, J., concur.